**Allen Wayne ELDRIDGE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–333.**

Court of Criminal Appeals of Oklahoma.

Nov. 2, 1976.

Reeharing Denied Dec. 29, 1976.

**914**

Mary E. Bane, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

OPINION

BLISS, Judge:

The Appellant, Allen Wayne Eldridge, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Oklahoma County, Case No. CRF–75–1740, for the crime of Robbery With a Dangerous Weapon. Punishment was assessed at a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the verdict the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows, to-wit: Sharon Kay Roberson testified that on May 8, 1975, she was employed at the Little Diamond Club in Oklahoma County as a bartender. At approximately 1:30 a.m., the defendant came in and bought a beer and left. He then returned when all patrons were gone, put a knife to her throat, threatened to kill her and took approximately $270.00. Ms. Roberson was then forced to accompany the defendant in his car, the defendant stating that he would let her out in the country. While driving they ran out of gas and walked approximately 6 miles to a truck stop on Interstate 40 where they got gas and an attendant took them back to the car. The defendant then took Ms. Roberson to her apartment and released her. On cross-examination, Ms. Roberson testified that there were people at the truck stop, that they were driven back to the car and that she never made an attempt to escape or tell anyone of her plight because she was afraid the defendant would kill her. She further stated that she could not describe the knife.

Ronald D. Brockway then testified that he was the owner of the Little Diamond Club and that he did not give the defendant authority to take any money from the club.

Detective Bill Harrison then testified that he interviewed the defendant on the 10th of May, again on the 11th and subsequently on the 13th when the defendant gave a voluntary written statement after being advised of his rights. The statement, which had been the subject of a prior in-camera hearing, was then admitted into evidence. The defendant's statement related that he was at the Little Diamond Club on May 8, 1975, at 1:45 a.m. and that he robbed the waitress of approximately $250.00. It further related that he told the waitress that he had a knife although he never showed her one. He then drove her around and ran out of gas. After walking to a truck stop to get gasoline he drove her home and then threw the money off a South Canadian River bridge. On cross-examination Officer Harrison testified that during the first two interviews the defendant denied any knowledge of the crime. He further denied threatening or making promises to the defendant prior to his signing the statement. The state then rested.

The defendant then took the stand to testify in his own behalf stating that on May 8, 1975, he went to the Little Diamond Club, ordered a beer and met Sharon Roberson. He made a date with her and she suggested they go to her apartment. At approximately 2:00 a.m. they left in defendant's car and ran out of gas. They walked approximately 6 miles to the Skelly Truck Stop on Choctaw Road and Interstate 40. There were a number of people

in and around the station when they arrived and they returned to the car with an attendant in the service truck. While the defendant and the attendant were putting gasoline in the car Ms. Roberson got out of the pickup and back into the car. The defendant then took her home. The defendant denied having a knife other than a small pen knife which he always carried. He further denied robbing the woman or threatening her in any manner. Concerning the statement, the defendant testified he was arrested about 3:00 a.m. on the morning of the 9th and first interrogated by Officer Harrison about 10:00 a.m. that morning. He was again interrogated on the 10th, the 12th and the 13th. At all times he denied any knowledge of the robbery and even took a lie detector test which he passed. On the 13th Harrison told him that if he didn't confess they had four other charges that could be filed and that if he confessed to the robbery the other charges would never be brought up. The defendant stated that he had committed no other crimes but did not have the money to post further bond or hire an attorney to defend the new charges. He further stated that Harrison promised that the confession could be withdrawn at anytime, told him that he did not need an attorney and told him how to answer the questions asked.

David G. McCorkle then testified that he had known the defendant for about three years, had been his employer at one time and knew the defendant to have a reputation for being an honest and law-abiding citizen.

On rebuttal Cheryl Warren, a clerk steno for the Oklahoma City Police Department, testified that she took the defendant's statement on the 13th that Harrison never told the defendant what to say and that the defendant read and then signed the statement.

The defendant's sole assignment of error urges that the trial court committed reversible error in failing to fully instruct the jury on the defendant's theory of the case in relation to his confession, especially in light of the defendant's requested instructions which were refused by the trial court.

The trial court gave the following instruction concerning the voluntariness of a confession:

"A 'Voluntary Confession' is a statement made by an accused while in custody, and as a result of interrogation, that is questioning, by the officers, and after having been informed by them that he has a right to consult with a lawyer, and to have the lawyer with him during the interrogation, and also after having been warned of his right to remain silent, and that anything said by him can be used in evidence against him, and thereafter, with full understanding of his rights and of the nature and consequences of his statements, he freely and voluntarily admits he is guilty of the crime, and reveals the details of it, or what he had to do with it.

The fact that a confession results from questions asked the accused, after he has been informed and warned as above set forth, does not make it an improper one. A confession need not result wholly from the request or suggestion of the accused.

The State has offered evidence as to an alleged confession made by the defendant, while he was in custody, and if you believe from the evidence that it was made freely and voluntarily, within the rules of law above set forth, then you may take it into consideration with all the other facts in evidence, and give it the weight and credit you think it should have. However, if you find that the defendant was not informed and warned, as aforesaid, or that there was any inducement held out to him, or threats of violence offered him, to have him make the confession, and while acting under such circumstances he made it, or if it was made involuntarily, then you should not consider it in arriving at your verdict.

Should you find that the confession was made by the defendant and was made freely and voluntarily and in compliance with the rules of law set out above, then you are instructed: A confession alone does not justify a conviction, unless it is corroborated, that is confirmed and supported by other evidence of the material and basic fact, or facts, necessary for the commission of the offense charged, and unless you find that the confession, if made, is corroborated, then you shall disregard it."

The defendant's requested instructions as recited in his brief are as follows:

## " 'DEFENDANT'S REQUESTED INSTRUCTION NUMBER ONE

In you find from the evidence that the defendant made any confession or statement and that the same was made by the defendant in answer to questions propounded to him while under arrest or in custody, the fact of his being under arrest or in custody will not be sufficient to exclude such confession or statement as evidence or prevent you from considering the same, but the fact of being under arrest or in custody shall be considered with the other facts and circumstances in evidence in determining whether or not the confession or statement was made freely and voluntarily, and if you do find that it was made freely and voluntarily it may be considered. Otherwise, it should be disregarded.

## 'DEFENDANT'S REQUESTED INSTRUCTION NUMBER TWO

You are instructed that in this case, the State has offered testimony tending to show that the defendant made a certain statement after his arrest and while he was in custody charged with the offense on which he is being tried, and which statement is relied on in part to establish the defendant's guilt of the offense charged against him; and the court instructs you if you find and believe from the evidence that such statement was made by the defendant, that a confession by one charged with an offense should be carefully scrutinized and received with great caution, and when deliberately and voluntarily made may be considered as evidence for or against the person making it the same as any other evidence, but if same was made under promise of immunity or a lesser punishment than might otherwise be inflicted, or was induced by threats, or was otherwise involuntary, then the same should be wholly disregard by the jury.' "

The trial court's instruction informs the jury that should it find that there was any inducement held out to the defendant or threats of violence offered him and while acting under such circumstances he made the confession then it should not be considered in arriving at the verdict.

In *Pollard v. State*, Okl.Cr., 528 P.2d 1121, this Court held that the accepting or refusing of requested instructions is totally within the discretion of the trial court and that this Court will not interfere with the trial court's judgment absent an abuse of discretion. We do not believe the trial court abused its discretion in the instant case. The instruction submitted to the jury substantially covers the law concerning involuntary confessions and we do not feel that the defendant was prejudiced by the submission of same. The defendant claims he was induced into making the confession by the detective's promise not to file other charges and the jury was adequately instructed on the applicable law. The judgment and sentence appealed from should be and the same is hereby *AFFIRMED*.

BRETT, P. J., dissents.

BUSSEY, J., concurs.